I concur in judgment only.
The majority opinion misrepresents an important fact in this case. Appellant argues in her First Assignment of Error that the agency failed to prove all the elements of fraud. This statement mistakenly assumes that fraud was what the agency attempted to prove and that the lower court based its decision on fraud.
On the contrary, the issue presented to the agency was whether Hart violated OAC 5101:2-14-06: Fraudulent billing or accepting payment from the CDHS for authorized services not rendered or for unauthorized services * * *. (Emphasis added.) The agency determined that she had violated this rule, but never specified which of the two alternatives was the basis of its decision. Nothing in the record, moreover, indicates that the common pleas court specified its decision was based on one of the two alternatives in the OAC rule.
Appellant consistently misstates both the position of the agency, along with the decision of the common pleas court, and the majority opinion continues this mistake. Neither the agency nor the lower court ever selected an alternative as the basis of their decisions.[1]
I also believe it important to address more fully the due process argument appellant raises, because a license is involved. Appellant argues that because she was not represented by counsel at her hearing and because she was cross-examined on matters not named in the correspondence from the county, she was denied her due process rights. Under the Fifth Amendment, the right to pursue one's profession is a property right which is afforded the protection of due process under the Fourteenth Amendment. Greene v. McElroy (1959), 360 U.S. 474; Vaughn v. Ohio State Medical Board (Nov. 30, 1995), Franklin App. No. 95APE05-645, unreported, 1995 Ohio App. LEXIS 5258, at *7.
 To be consistent with the Due Process Clause, deprivation of a right, including revocation of a professional license, must be preceded by notice and a hearing.
 Determining the type of hearing that minimally comports with due process requires a balancing of the governmental and individual interests at stake. * * * Ohio's Due Course Clause, Section 16, Article I, Ohio Constitution is equivalent to the Due Process Clause of the Fourteenth Amendment. (Citations omitted.)
Id.
The due process required in an administrative hearing is not as stringent as that required in a criminal proceeding. Ohio State Bar Assn. v. Illman (1976), 45 Ohio St.2d 159, 162. We do not say that counsel must be provided at the pre-termination hearing, but only that the recipient must be allowed to retain an attorney if he so desires. Goldberg v. Kelly (1970), 397 U.S. 254, 271.
The transcript shows, however, as the majority noted, that appellant was aware of her right to counsel and had been represented by counsel in past actions against her by the county. She indicated that it had cost her $2,500 to defend her license the last time. She was aware, therefore, of her right to counsel and she waived it. Although the agency in its notice could have been more specific in alerting appellant to her rights, under the circumstances appellant's due process rights were not denied because she was not represented by counsel at the hearing.
Appellant also argues that the prosecutor questioned her about her billing practices regarding the other children in her day care center. Without notice that these issues regarding the other children would be addressed, she argues, she was not given her due process rights. An examination of the transcript, however, shows that she herself raised the issue of these children and her billing practices regarding them when she presented her case to the hearing officer. By doing so, she opened the subject up to cross-examination, as the majority observed.
Ms. Hart is a sophisticated businesswoman who may have misinterpreted the rules concerning Type B certification reimbursement. If she did indeed misinterpret those rules, she is still responsible for the resulting loss of license. She had been challenged by the county before and had the opportunity then to inquire about any rules she did not understand. She stated that she would mark children present when they were absent because she understood the rules to say that she could be paid for 31 days per year per child when the child was absent. Even if she believed that she was entitled to payment for 31 days when Jerome was absent, she accepted payment for 41.
The trial court did not abuse its discretion when it affirmed the ruling of the hearing officer to revoke appellant's license.
[1] Both appellant's counsel and the majority opinion do a disservice to appellant in misrepresenting the lower court and agency as finding fraud.